IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-18-BO

| | |
|---|---|
| KCHM, INC. f/k/a FDH, INC. and AMERISURE INSURANCE COMPANY, Plaintiffs, v. MID-CONTINENT CASUALTY COMPANY and NAVIGATORS INSURANCE COMPANY, Defendants. | ORDER |

This cause comes before the Court on defendant Mid-Continent Casualty Company's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs have responded, Mid-Continent has replied, and the matter is ripe for ruling. For the reasons that follow, Mid-Continent's motion is granted.

## BACKGROUND

Plaintiffs filed this action alleging claims for unfair or deceptive trade practices, breach of contract, breach of the duty of good faith and fair dealing, and for declaratory relief to determine questions of controversy concerning the availability of insurance coverage for plaintiff KCHM. Defendant Mid-Continent issued a general liability insurance policy and defendant Navigators issued a commercial excess liability policy to S&S Communications Specialists, Inc. (S&S), which is not a party to this action.

In 2013, SBA Communications (SBA) contracted with FHD Engineering (now plaintiff KCHM) to design plans for structural modifications to a cell phone tower owned by SBA in

Clarksburg, West Virginia. KCHM was later engaged as construction manager for the project and subcontracted with S&S to perform the structural modifications to the tower. On February 1, 2014, the cell phone tower undergoing structural modifications collapsed while S&S was performing work. As the first tower collapsed it struck a second tower, causing that tower to collapse. Three people, two S&S employees and one firefighter, were killed as a result of the collapse of the towers and at least two others were injured.

The wrongful death, personal injury, and other suits arising out of the collapsed towers are pending in the Circuit Court of Harrison County, West Virginia and in the United States District Court for the Northern District of West Virginia. In June 2016, S&S filed for Chapter 7 bankruptcy liquidation in the United States Bankruptcy Court for the Eastern District of Oklahoma. In November 2016, Mid-Continent filed an adversary proceeding arising out of the S&S Chapter 7 proceeding in which it asserts that the Mid-Continent policy proceeds are assets of the bankruptcy estate.

## DISCUSSION

Mid-Continent seeks dismissal of the claims against it for lack of personal jurisdiction. Fed R. Civ. P. 12(b)(2). Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

The jurisdictional facts not in dispute in this case are as follows. Plaintiff KCHM is a company organized under North Carolina law with its principal place of business in Raleigh, North

Carolina. Mid-Continent is an Ohio Corporation with its principal place of business in Tulsa, Oklahoma. Mid-Continent is licensed to do business in North Carolina, but writes less than one percent of its gross premiums to North Carolina insureds. Mid-Continent does not maintain an office in North Carolina nor does it own property in North Carolina. The insurance policy at issue in this case was sold by Mid-Continent to S&S Communications, which is an Oklahoma corporation. The policy was negotiated and issued in Oklahoma, and KCHM was not a party to the negotiations. Pursuant to KCHM's master subcontracting agreement with S&S, KCHM was added at S&S's request as a conditional additional insured on the general liability policy that S&S obtained from Mid-Continent. S&S paid all premiums on the Mid-Continent policy. The policy offers a broad coverage territory, including the United States, its territories and possessions, Puerto Rico, and Canada. The accident giving rise to claims under the policy took place in West Virginia.

For a district court to properly assert personal jurisdiction over a nonresident defendant, two conditions must be met: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *See Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Because North Carolina's long-arm statute is construed to give "the North Carolina courts the full jurisdictional powers permissible under federal due process," *Vishay Intertechnology, Inc. v. Delta Intern. Corp.*, 696 F.2d 1062, 1065 (4th Cir. 1982), these inquiries collapse into one. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). This Court may exercise personal jurisdiction consistent with due process if a defendant has "minimum contacts" with the forum such that to require them to defend their interests in North Carolina "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A.   General jurisdiction.

If the foreign party maintains "continuous and systematic" contacts with a state, a court in that state may assert general jurisdiction over the nonresident and it may be sued in that state on any claim. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952). Mid-Continent plainly does not maintain continuous and systematic contacts with North Carolina. Mid-Continent's place of incorporation is Ohio, its principal place of business is Tulsa, Oklahoma, and none of Mid-Continent's contacts with North Carolina are sufficient to render it at home in North Carolina. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 761 (2014) (noting further that the place of incorporation and principal place of business are the paradigm bases for general jurisdiction). This Court may not therefore assert general personal jurisdiction over Mid-Continent.

B.   Specific jurisdiction.

To determine whether specific jurisdiction exists, a defendant must have purposefully availed itself of the privilege of conducting business within the forum state, giving it "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, (2011) ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes places in the forum State and is therefore subject to the State's regulation.") (internal alterations, quotation, and citation omitted). A court thus considers (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting business in the state, (2) whether the plaintiff's claims arise out of those activities directed toward the state, and (3) whether the exercise of specific jurisdiction would be constitutionally reasonable to determine whether specific jurisdiction has been established. *ALS Scan, Inc. v. Digital Serv. Consultants,*

4

*Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). A court need only consider the second and third inquiries if the defendant is found to have purposefully availed itself of the privilege of conducting business in the forum state. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009).

Specific factors a court may consider when determining whether the defendant has purposefully availed itself include but are not limited to whether the entity maintains offices or agents in the state, whether it owns property in the state, whether it reached into the forum state to solicit or initiate business, whether it engaged in significant or long-term business activities in the forum state, whether the entity made in-person contact with a resident of the forum state regarding the business relationship, and whether the parties agreed that the law of the forum state would govern interpretation of the contract. *Id.* The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant *himself*' creates," and the analysis considers the "defendant's contacts with the forum State itself, and not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123.

KCHM argues that it is settled law in this circuit that because the insurance policy at issue has a broad coverage territory which includes North Carolina, specific jurisdiction is present. It has indeed been held that the "North Carolina long-arm statute accords personal jurisdiction over parties involved in insurance contracts promising to provide benefits in North Carolina." *Forshaw Indus., Inc. v. Insurco, Ltd.*, 2 F. Supp. 3d 772, 781 (W.D.N.C. 2014) (citing N.C. Gen.Stat. § 1–75.4(5)). As the Fourth Circuit found,

> Litigation, we observed, is often a necessary part of the insurance business. Therefore, by agreeing to furnish a defense to its policyholder within a specified policy territory, an insurer indicates its willingness to be haled into court in foreign forums within this territory. And because the insurer offers "broad coverage to

5

induce customers to buy its policies and to pay higher premiums for them," these contacts "are neither fortuitous nor incidental."

*ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 392 (4th Cir. 2012) (citations omitted). As Mid-Continent correctly argues, however, plaintiff KCHM is not the policyholder of the subject policy, but rather is named only as a conditional additional insured. The policyholder S&S is not present in North Carolina and the accident from which the claims arose did not take place in North Carolina. Plaintiff KCHM is the only connection to North Carolina, but "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 134 S. Ct. at 1122.

*ESAB Group v. Zurich Insurance*, quoted above and relied on by plaintiffs, is distinguishable from this case because the policy at issue in *ESAB* was issued to the parent company of ESAB Group with special endorsements specifically extending coverage to the subsidiaries of the Swedish parent, including the plaintiff in the South Carolina action, ESAB Group. Here, no such relationship exists between S&S, the corporation to whom Mid-Continent's policy was sold, and plaintiff KCHM. Rather, KCHM is listed as a conditional additional insured, and the certificates of insurance issued to KCHM and upon which it relies to establish personal jurisdiction in this matter expressly state that they confer no right to the certificate holder and are subordinate to the terms of the policy, held by S&S. KCHM can through no formulation be considered the policyholder of the subject policy.

Also distinguishable is *Rossman v. State Farm Mutual Insurance Company*, 832 F.2d 282 (4th Cir. 1987), upon which the *ESAB Group* court relied. *Rossman* concerned an Illinois insurer that issued an automobile policy in Illinois for a car which was primarily kept in Illinois. The policyholder filed a declaratory judgment action against the insurer in Virginia to determine

6

coverage arising out of a Virginia accident and Virginia judgments. The court noted that an automobile liability policy is typically sued upon where the accident takes place, and as "an automobile liability insurer, Consolidated could anticipate the risk that its clients would travel in their automobiles to different states and become involved in accidents and litigation there." *Rossman*, 832 F.2d at 286. Here, however, the accident took place in West Virginia, not North Carolina where plaintiffs seek to determine coverage.

This case involves an insurance policy issued in Oklahoma to an Oklahoma corporation and an accident which took place in West Virginia. Plaintiff KCHM, the only connection in this suit to the forum state of North Carolina, is not the policyholder and is named only as a conditional additional insured on the subject policy. KCHM did not negotiate the terms of the policy nor is there any buyer/seller relationship between KCHM and Mid-Continent. As Mid-Continent does not have an office or own property in North Carolina, as it did not reach into North Carolina to sell or negotiate the policy at issue, as it has not engaged in significant activities in North Carolina, and as North Carolina law does not govern the terms of the policy, the Court finds that Mid-Continent's contact with North Carolina is simply insufficient to support this Court having specific personal jurisdiction over it. The complaint is therefore properly dismissed.

## CONCLUSION

Accordingly, for the reasons discussed above, Mid-Continent's motion to dismiss for lack of personal jurisdiction [DE 22] is GRANTED.

SO ORDERED, this 29 day of August, 2017.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7